## In re PREISLER.

## DAVIS v. McKEY.

(Circuit Court of Appeals, Seventh Circuit.
May 26, 1926.)

No. 3612.

1. Bankruptcy ⊕═152.

Title of trustee in bankruptcy relates back to date of petition.

2. Bankruptcy ⊕═255—Rent may be recovered for premises occupied under order appointing custodian to preserve or conduct bankrupt's estate pending efforts for composition (Bankruptcy Act, § 25 [Comp. St. § 9609]).

Under Bankruptcy Act, § 25 (Comp. St. § 9609), authorizing bankruptcy courts to conduct bankrupt's business, rent may be recovered for premises occupied under orders of court authorizing referee to preserve or conduct estate, and appointing custodian pending efforts for composition.

Petition to Review and Revise an Order of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of the bankruptcy of Henry Preisler, wherein Percy B. Davis, as executor, and others, filed a claim, opposed by Frank M. McKey, trustee. On claimants' petition to revise and review. Reversed.

Percy B. Davis, of Chicago, Ill., for petitioner.

Henry S. Moser, of Chicago, Ill., for respondent.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge.. Preisler occupied his place of business under written leases for a term of years, and the sole question here is: Should his estate in bankruptcy pay for the use of those premises, in which the business was housed and carried on between the filing of the petition and the appointment of a receiver, under the following facts?

January 10, 1925, after involuntary petition, asking for a receiver, was filed January 9th, the following order was entered:

"On motion of the bankrupt herein, it is ordered that this matter be referred to referee in Bankruptcy Harry A. Parkin, and said referee is hereby vested with power to call a meeting of creditors for the allowance of claims to examine the bankrupt *to preserve or conduct the estate* to consider an offer of composition, and report his recommendations as to the latter to the judge for further action and take such other steps in the proceedings as are contemplated by section 12, subdivision 'a' as amended of the act of Congress relating to bankruptcy.

"It is further ordered that action upon the petition for adjudication shall be delayed until it shall be determined whether or not such composition shall be confirmed." (Italics ours.)

Monday, the 12th, the following order was entered:

"This matter coming on to be heard, this 12th day of January, A. D. 1925, upon application of Osborne, Kline & McGurren, attorneys for the petitioning creditors, for the appointment of a receiver, the bankrupt appearing through his counsel, Dulsky, Dulsky, Friedman & Schimberg, and it appearing, upon recommendation by the attorneys for petitioning creditors and attorneys for bankrupt, that the employment of a custodian would serve the purpose and be less expensive to the estate than the appointment of a receiver, and the court being fully advised in the premises,

"It is ordered that Thomas A. Waage be and is hereby appointed custodian as representative of this court, to take full charge of the business of said bankrupt, to keep a full and accurate accounting of all sales, cash receipts, and expenses, and to report to this court at such intervals as this court may designate, and to act as such custodian until the further order of this court."

Under that order, the business was carried on until the composition efforts failed, and respondent was appointed receiver February 24, 1925, and subsequently trustee. The landlord's claims for rent here in question were filed March 12, 1925. On hearing thereon, the referee found that there had been (a) no forfeiture or re-entry under the leases; (b) no agreement about use of premises; (c) that the rent reserved in the leases is the fair and reasonable rental value of the premises.

[1] When the title came to the trustee, it related back to the date of the petition. Fairbanks Co. v. Wills, 240 U. S. 642, 649, 36 S. Ct. 466, 60 L. Ed. 841.

[2] By section 25 of the Bankruptcy Act (Comp. St. § 9609), courts of bankruptcy are authorized to conduct the business of the bankrupt. The order of January 10th authorized the referee "to preserve or conduct the estate." The order of the 12th, supra, directed Waage, as representative of the court, "to take full charge of the business," which order was made by request of all parties.

Bankrupt's whole estate has been taken and is being administered in bankruptcy. If

the rent for the premises for the time after the petition was filed is not to be paid therefrom, we must find that a court has the power to take and use property of a third party without obligation to pay therefor. This is not a question as to who is obligated to pay under the leases, or what might have been done under them, nor is it material whether Waage was called a receiver in the order. The simple fact is that, under the authority and direction of the court, the premises were used, and justice and fair dealing require that the owner shall receive what the use was reasonably worth from January 10, 1925, to the day before the receiver was appointed, both inclusive, at the rate of rental reserved in the leases, which the court has found to be the fair and reasonable value of the use of the premises.

The order is reversed.